UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FELICIA LIGHTFOOT,<br>　　　　　　Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　　Defendant.<br>_____/ | Case No. 22-12995<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 12)

Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her application for disability benefits under the Social Security Act. (ECF No. 1). This is her second lawsuit filed for judicial review of the final decision. Her first case, Case No. 22-11459, was dismissed for failure to prosecute. An appeal is pending with the Sixth Circuit.

She filed the current lawsuit on December 9, 2022. On February 7, 2023, Defendant Commissioner of Social Security moved to dismiss the complaint for failure to timely file it within the 60-day period set forth in 42 U.S.C. § 405(g). Plaintiff filed a document in response to the motion. (ECF No. 14). Because this action is untimely, the motion to dismiss is **GRANTED**.

42 U.S.C. § 405(g) states that a Social Security claimant may obtain review of the Commissioner's final decision within 60 days "after the mailing to him of

notice of such decision or within such further time as the Commissioner of Social Security may allow." *See also Matthews v. Eldridge*, 424 U.S. 319, 328 (1976). The Appeals Council's decision to deny a claimant's request for review constitutes the final decision of the Commissioner. 20 C.F.R. § 422.210(a). The Code of Federal Regulations provides that a civil action challenging the final decision must be filed within 60 days after the date of the Appeals Council's denial or within 60 days of receipt of the Appeals Council's decision. The date of receipt is presumed to be five days after the date of the notice. *Id.* at § 422.210(c).

The Commissioner attached Appeals Council documents related to the disability claim challenged here and in the first case Plaintiff filed. The Appeals Council denied Plaintiff's request for review on September 9, 2019. The Appeals Council then granted Plaintiff an extension to June 29, 2022, to file a complaint in this Court. (ECF No. 12-1, 12-2). She is presumed to have received the notice five days later, on August 4, 2022. Thus, Plaintiff had 60 days from August 4, 2022, or by October 3, 2022, to file a complaint. The complaint in her first case was timely filed, but again, that case was dismissed. Plaintiff refiled her case on December 9, 2022, more than 60 days from August 4, 2022. Because it was not timely filed, even allowing five days for receipt of the Appeals Council's decision, the case is dismissed. *See Myers v. Saul*, 2021 WL 1520515 (N.D. Ohio Mar. 9, 2021) (dismissing disability appeal as untimely in similar circumstances when the

plaintiff filed a timely complaint but the case was dismissed, then filed a new case but the refiled action was not filed within 60 days of the final decision of the Commissioner).

In response, Plaintiff did not address the timeliness of her complaint. The response instead appears to contain portions of the Administrative Law Judge's decision and assertions that go to the merits of her applications for disability benefits.

The Commissioner argues that there are no circumstances justifying equitable tolling of the 60-day filing requirement. (ECF No. 12, PageID.444-46). Equitable tolling may extend the filing requirement in Social Security appeals when exceptional circumstances warrant it. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). Plaintiff bears the burden of establishing that "extraordinary circumstances" stood in her way from filing a timely complaint. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit "considers the following five factors in determining the appropriateness of tolling a statute of limitations:

> (1) the petitioner's lack of [actual] notice of the filing requirement;
>
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
>
> (3) diligence in pursuing one's rights;

    (4) absence of prejudice to the respondent; and

    (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Kellum*, 295 F. App'x at 49.

Since Plaintiff did not argue that the 60-day deadline should be tolled, and did not put forth any facts bearing on either of these factors, the Court will not address whether equitable tolling applies here. Because the complaint was not timely filed, the case is **DISMISSED**.

    **IT IS SO ORDERED**.

Date: March 23, 2023                         s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 23, 2023.

                                                       s/Kristen MacKay
                                                       Case Manager
                                                       (810) 341-7850